SOPHIA REINING, Guardian, Plaintiff in Error, *vs.* HENRY. MUELLER *et al.* Defendants in Error.

*Opinion filed February 25, 1911.*

1. APPEALS AND ERRORS—*the .question whether one statute is repealed by another is not a constitutional one.* Whether two statutes are in conflict, and if so, whether one is repealed by the other, is a question of judicial construction and not a constitutional one.

2. SAME—*when constitutional question is not involved.* A constitutional question is not involved upon the mere assertion of counsel that a statute is unconstitutional, where no claim is made that it conflicts with any provision of the constitution or that it was beyond the power of the legislature, but only that it conflicts. with another statute conferring certain rights.

3. SAME—*when Supreme Court is without jurisdiction.* Where the only questions in controversy in a suit brought by a guardian on a note are whether there should have been an administration on the estate of the deceased payee, and whether, if no administration was necessary and the title to the note vested in the minor heirs, the Statute of Limitations was a good defense against such minors, the judgment should be reviewed by the Appellate Court and not by the Supreme Court.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HENRY C. WARD, Judge, presiding.

ALBERT WESLEY GOTTSCHALK, for plaintiff in error.

LOUIS M. KANE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Sophia Reining, plaintiff in error, as guardian of Henry Reining, Louis Reining and Wilhelm Reining, minors and heirs-at-law of Fred Reining, deceased, brought her suit in the municipal court of Chicago against Henry Mueller and Minnie Mueller, defendants in error, on a promissory note made by the defendants on November 29, 1897, payable one year after date to said Fred Reining, for $200, with in-

terest at six per cent, and containing a power of attorney to confess judgment for the amount of the note, with costs and $25 as attorney's fees. The defendant Henry Mueller filed an affidavit of merits, stating that his defenses were the Statute of Limitations and his discharge in bankruptcy on February 19, 1906. The defendant Minnie Mueller filed her affidavit that she had a meritorious defense under the Statute of Limitations. The cause was tried by the court and the following facts were proved or admitted: The note was made by the defendants for money received by the defendant Henry Mueller, and the payee, Fred Reining, died on April 7, 1898, before its maturity, leaving plaintiff, his widow, and the three children for whom she is guardian, his heirs-at-law. He had no debts and his funeral expenses were paid in full within a month after his death. No administrator was ever appointed but letters were issued by the probate court of Cook county to the plaintiff, as guardian of the minor heirs. The widow never claimed any widow's award or interest in the note or proceeds but waived all interest therein for the benefit of the children. The note was offered in evidence and objected to on the ground that neither the minors, nor their guardian suing for them, could maintain the action and that no suit could be brought except by an administrator. The court decided that an administrator of the payee was the only one who could bring the suit and entered judgment in favor of the defendants. The plaintiff sued out a writ of error from this court on the ground that the validity of a statute was involved in the suit.

The proviso to section 18 of the Administration act, as amended and in force July 1, 1905, (Laws of 1905, p. 2,) provides that when the heirs are residents of this State and the estate is solvent and without minor heirs and it is desired by the parties in interest to settle the estate without administration the provisions for granting administration of the estate shall not apply, and the only question which

counsel for plaintiff in error alleges arose in the suit, under the constitution, was whether that provision conflicted with section 18 of the act in regard to guardians and wards, as amended and in force July 1, 1881, (Laws of 1881, p. 98,) which provides that the guardian shall appear for and represent his ward in legal suits and proceedings. Counsel asserts that the provision of section 18 of the Administration act is unconstitutional and therefore void, but he makes no claim that it is in conflict with any provision of the constitution or that the legislature might not lawfully create such a provision. If, as he contends, the two provisions are not reconcilable, the only question is which of the two is in force, and the question whether an act has been repealed, either expressly or by implication, is merely a matter of judicial construction. There was no evidence of a discharge in bankruptcy of one of the defendants, and the controversy between the parties related only to questions whether, under the rules of law declared by this court in *Lewis* v. *Lyons,* 13 Ill. 117, *People* v. *Abbott,* 105 id. 588, and *Cotterell* v. *Coen,* 246 id. 410, it was necessary to have administration of the estate, and if there was no such requirement and the title to the note vested in the heirs, whether the Statute of Limitations was a good defense against the minors. These questions do not involve any matter over which this court has jurisdiction on a writ of error to the trial court.

The case is transferred to the Appellate Court for the First District, and the clerk of this court will transmit the transcript and all files in the case, with the order of transfer, to the clerk of said Appellate Court.

*Case transferred.*