(No. 23657.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY C. SHAVER, Plaintiff in Error.

*Opinion filed October 27, 1936.*

RAY E. LANE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error seeks reversal of a judgment of the municipal court of Chicago finding him guilty of violating the Medical Practice act and sentencing him to the county jail of Cook county for one year and to pay a fine of $500 and costs, and, in default of payment of said fine and costs, that after the expiration of said term of imprisonment he stand committed in said county jail until the fine and costs are paid or until he shall have been discharged according to law.

The information, in three counts, charged in the first count that plaintiff in error, not then and there possessing

a valid existing license issued by the State of Illinois to practice the treatment of human ailments in any manner, did on, to-wit, March 17, 1935, within Cook county, Illinois, unlawfully diagnosticate or attempt to diagnosticate, operate upon, profess to heal, prescribe for or otherwise treat an ailment or supposed ailment of another, to-wit, did then and there prescribe the taking of certain tablets internally, one after each meal, for an ailment or condition in conjunction with the pregnancy of Mary Bosch. The second count charged that he did on March 17, 1935, unlawfully suggest, recommend, operate upon, profess to heal or otherwise treat an ailment or supposed ailment of another, with the intention of receiving therefor, either directly or indirectly, a fee, namely, did unlawfully prescribe for an alleged pregnant condition of a Mary Bosch, the taking internally of certain tablets of unknown composition by said Mary Bosch, one after each meal, with the intention of receiving a fee, consisting of a portion of $15 in cash paid on May 16. The third count charged that on, to-wit, March 17, 1935, he did then and there unlawfully attach the title "Doctor," "Physician," "Surgeon," "M. D.," or any other word or abbreviation, to his name, indicative that he was engaged in the treatment of human ailments as a business, by unlawfully signing his name "Shaver, M. D.," thereby attaching to his name the title "M. D.," indicative that he was engaged in the treatment of human ailments as a business. Each count charged that his acts were in violation of section 24 of an act to revise the law in relation to the practice of the treatment of human ailments for the better protection of the public health and to prescribe penalties for the violation thereof, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the People of the State of Illinois.

The case was called for trial on February 11, 1936, and continued to March 3, 1936, on which day plaintiff in error was arraigned, pleaded not guilty, waived a jury, and the

case was set for March 10, 1936, upon·condition that plaintiff in error would be ready for trial on that day. Up to this time appellant's brother, an attorney, was present, representing him. When the case was called for trial, March 10, Ray E. Lane entered his appearance as attorney for plaintiff in error and made a motion for leave to withdraw the plea of not guilty and to file a motion to quash the information, which was overruled as coming too late.

The errors urged and argued are, that the motion for leave to file the motion to quash the information should have been allowed; that the information, and each count thereof, does not state a crime; error in overruling his motion for discharge at the close of the People's case and at the close of all the evidence; that he was denied due process of law; the information did not inform him of the nature of the accusation against him; variance in the People's evidence with the allegations in the information; error in overruling a motion for a new trial and in arrest of judgment, and that the court entered an improper verdict and judgment thereon.

No question affecting the constitutionality of the Medical Practice act was raised in the trial court. The main averments, that defendant was deprived of due process of law and that the information did not state a crime, do not raise constitutional questions not settled in this court. *Wilson* v. *Prochnow,* 354 Ill. 98; *Pennsylvania Tank Line* v. *Jordan,* 341 id. 94; *People* v. *Jiras,* 340 id. 208; *People* v. *Forsyth,* 339 id. 381.

No question is presented giving this court jurisdiction, and the cause is transferred to the Appellate Court for the First District. *Cause transferred.*