(No. 24649.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH DEYOUNG, Plaintiff in Error.

*Opinion filed June 21, 1938—Rehearing denied October 5, 1938.*

James J. Barbour, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Blair L. Varnes, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

The defendant, Joseph DeYoung, was found guilty in the county court of Cook county of violating the Medical Practice act and fined $125 and costs. The information was based upon section 24 of the act which provides: "If any person shall hold himself out to the public as being engaged in the diagnosis or treatment of ailments of human beings; or shall suggest, recommend or prescribe any form of treatment for the palliation, relief or cure of any physical or mental ailment of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift, or compensation whatsoever; or shall diagnosticate or attempt to diagnosticate, operate upon, profess to heal, prescribe for, or otherwise treat any ailment, or supposed ailment, of another; or shall maintain an office for examination or treatment of persons afflicted, or alleged or supposed to be afflicted, by any ailment; or shall attach the title Doctor, Physician, Surgeon, M.D., or any other word or abbreviation to his name, indicative that he is engaged in the treatment of human ailments as a business; and shall not then possess in full force and virtue a valid license issued by the authority of this State to practice the treatment of human ailments in any manner, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by confinement in the county jail not more

than one year, or by both such fine and imprisonment, in the discretion of the court." (Ill. Rev. Stat. 1937, chap. 91, p. 2002.) There were five counts to the information on three of which the defendant was found not guilty. The fourth count, upon which the verdict was based, charged that the defendant, not possessing a license to practice the treatment of human ailments in any manner, did unlawfully attach the title of Doctor, Physician, Surgeon, M.D. or any other word or abbreviation to his name indicative of the fact that he was engaged in the treatment of human ailments as a business. A writ of error was sued out of this court on the ground that a constitutional question was involved, in that the portion of section 24 of the Medical Practice act, making it an offense for one not licensed to practice medicine, to attach the word Doctor, Physician or other abbreviation to his name indicative that he was engaged in the practice of human ailments as a business, was arbitrary and unreasonable, and was violative of due process under the provisions of the Federal and State constitutions. The validity of the Medical Practice act of 1923 has been repeatedly affirmed by this court. (*People* v. *Witte,* 315 Ill. 282; *People* v. *Walder,* 317 id. 524; *People* v. *Hawkinson,* 324 id. 285; *People* v. *McGinley,* 329 id. 173; *People* v. *Walsh,* 346 id. 52.) Section 24 of the Medical Practice act was before this court and considered in the case of *People* v. *Shaver,* 364 Ill. 326.) In that cause the third count was practically in the same language as the count here in question and the same proposition that it was violative of the due process clause of the constitution was raised. This court, in its opinion, said: "No question affecting the constitutionality of the Medical Practice act was raised in the trial court. The main averments, that defendant was deprived of due process of law and that the information did not state a crime, do not raise constitutional questions not settled in this court. (*Wilson* v. *Prochnow,* 354 Ill. 98; *Pennsylvania Tank Line* v. *Jordan,* 341 id. 94; *People* v.

*Jiras,* 340 id. 208; *People* v. *Forsyth,* 339 id. 381.) No question is presented giving this court jurisdiction, and the cause is transferred to the Appellate Court for the First District." We will take jurisdiction where a statute is attacked on grounds not previously urged but this does not mean that if counsel suggests a new argument in support of an old ground of attack we must entertain the case. *People* v. *Frankowsky,* 368 Ill. 171.

The question of due process has been before this court and, as stated in the case of *People* v. *Shaver, supra,* is no longer an open constitutional issue. The argument that proof of facts declared to be "indicative" of guilt is not sufficient to convict one of a criminal offense does not raise a new constitutional question but a question of law and fact as to whether or not the proof is sufficient. This court will not take jurisdiction of a cause merely because it is alleged that a constitutional question is involved. It must appear that such a question is, in fact, reasonably involved; nor will this court consider the question where it has been previously considered.

For the reasons stated in this opinion the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*