(No. 26094.— ▮▮▮▮▮▮▮)
PETER S. DIOGENES, Appellant, *vs.* THE DEPARTMENT OF
FINANCE, Appellee.

*Opinion filed June 13, 1941.*

DANIEL H. LEWIS, (MAURICE A. FRANK, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

June 21, 1939, the Department of Finance of the State notified Peter Diogenes, the owner and proprietor of a restaurant in Chicago known as "The Square Grill," of a proposed assessment of $1943 against him, representing retailers' occupation tax and three penalties for the period from July 1, 1933, to and including April 30, 1939. The taxpayer protested the assessment and sought a hearing. Thereafter, hearings on November 24 and December 7, 1939, were held to determine the amount of tax liability. At the initial hearing the taxpayer, by his attorney, conceded that $278.22, based upon a consolidated return covering the months from July, 1933, through May, 1934, inclusive, was owing to the department and, also, $69.55 as a twenty-five per cent penalty, a total of $347.77. At the continued hearing on December 7, 1939, the department's enforcement officer inquired whether the taxpayer would stipulate to a recommendation that the assessment for the period from June, 1934, through April, 1939, be based on taxable receipts of $1250 per month. The taxpayer assented to the recommendation, and the enforcement officer announced: "We will let the assessment based on return filed by the taxpayer covering the period from July, '33 through May, '34, * * * showing tax due for that period, $278.22, with a penalty of $69.55, or a total of $347.77, stand as covering that period, and recommend that the assessment for the remainder of the period, from

June, '34, through April, '39, be based on taxable receipts of $1,250 a month." The same day, the hearing officer found that the taxpayer's consolidated return for the period from July, 1933, through May, 1934, was correct and recommended no additional tax for this period. He further found that the average monthly receipts from sales of tangible personal property at retail by the taxpayer from June, 1934, through April, 1939, were $1250 per month and that after application against the tax due monthly on tax payments made by the taxpayer for each such month, the payments were insufficient. A detailed statement sets forth the amount of tax paid for each month, beginning June, 1934, and ending April, 1939, and a similar statement shows the deficiency for each month, excepting June, 1934, when the correct amount of tax was paid. The deficiencies aggregated, and the recommendation was made that an additional tax of, $662.91, be assessed against the taxpayer. A penalty of five per cent, $33.15, conformably to section 4 of the Retailers' Occupation Tax act, was added. The enforcement officer also found that the taxpayer's return of $13.66 for November, 1934, was filed on January 2, 1935, and that pursuant to section 5 of the applicable statute, a penalty of twenty-five per cent of the tax payment for the month, $3.41, should be included in the final assessment. The findings conclude with the recommendation that the department issue a final assessment against the taxpayer for deficient retailers' occupation tax in the amount of $662.91, together with penalties of $33.15 and a further penalty denominated an "A Penalty" of $3.41, making a total of $699.47 in tax and penalties.

January 30, 1940, the plaintiff, Diogenes, filed in the circuit court of Cook county a *praecipe* for a writ of *certiorari* to the defendant, the Department of Finance, directing it to certify a transcript of a decision and record of the proceedings in the cause rendered on the "7th day of December, 1939" for the sum of $699.47, pursuant to section 12 of the Retailers' Occupation Tax act. The writ

issued and was served on the defendant the next day. August 7, 1940, the defendant filed its return, namely, the transcript of proceedings at the hearings on November 24 and December 7, 1939. Attached to the transcript is a document captioned "Final Assessment (Hearing)," issued February 7, 1940, disclosing $699.47 due for the period of July, 1934, through April, 1939, itemized as follows: "Tax Deficiencies," $662.91, "5% Penalty," $33.15, and "Other Charges," $3.41. Included also is a photostatic copy denominated "Notice of Final Assessment," dated February 8, 1940, covering the same period and itemized in precisely the same manner. The court quashed the writ of *certiorari* and rendered judgment in favor of the defendant and against the plaintiff for $699.47, and costs. This appeal followed.

Seeking a reversal of the judgment against him, plaintiff assails the sufficiency of defendant's return to the *praecipe* for and writ of *certiorari,* insisting that it is based upon two final assessment notices, dated February 7 and 8, 1940, respectively, covering the period from July, 1934, through April, 1939, whereas the *praecipe* for and writ of *certiorari* was filed upon a final assessment notice dated January 20, 1940, covering a different period, namely, July, 1933, through April, 1939. In reply, the defendant directs attention to the fact that the *praecipe* erroneously specified December 7, 1939,—not January 20, 1940,—as the date of the challenged assessment, and maintains that plaintiff's errors induced the filing of the final notice of February 8, 1940. Section 12 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 451, p. 2675) so far as pertinent, provides that the circuit and the superior court of the county wherein the hearing provided for in the act is held shall have power by writ of *certiorari* to the department to review all questions of law and fact determined by the department in administering the provisions of the statute presented by such record. It is further provided that the writ shall be issued by the clerk of the court upon

*praecipe* and it shall be served at least ten days before the return day thereof. Such suit, it is prescribed, shall be commenced within twenty days after a taxpayer has notice of the department's decision in any such matter. It appears from the face of the *praecipe* that plaintiff sought the review of a decision alleged to have been rendered on December 7, 1939, more than twenty days prior to January 30, 1940, the day he filed his *praecipe* for the writ. Defendant did not urge this patent error in the trial court and has waived it here, thereby conceding that plaintiff instituted the present action within twenty days from the receipt of the defendant's final decision. In fact, the parties agree that the defendant did, on January 20, 1940, issue its final notice assessing a tax, including penalties, of $699.47 for the period from July 1, 1933, to and including April 30, 1939. A notice of the assessment actually made was apparently mailed to the taxpayer but it does not appear in defendant's return in the record before us. On the other hand, so far as the record discloses, the plaintiff interposed no objection to the defendant's return and, in particular, to the filing of the final assessment notice of February 8, 1940. Had he deemed the return incomplete or incorrect, either in form or substance, he should have filed a motion challenging its sufficiency and requesting the court to direct the defendant to complete or correct its return, or to file an additional return. (14 C. J. S. (Certiorari) sec. 130, p. 257; *Lumbermen's Mutual Casualty Co.* v. *Industrial Com.* 303 Ill. 364.) In the case cited, this court said: "When a record is returned to a writ of *certiorari* the court has power to authorize the withdrawal of the record to make additions and corrections so as to make it speak the truth, [citation] and having that power, should exercise it upon a showing that the return is incomplete or incorrect." By failing to object or take steps to correct the return plaintiff waived its insufficiency. Both parties were thus in fault, and while the proceeding in the circuit court was irregular the irregularity was brought about by

the action of the parties themselves. The trial court did, however, have jurisdiction of the parties and of the subject matter. Consequently, we find both parties in court, waivers of irregularities to which objection might well, and indeed should have been, taken, and the record will, hence, be reviewed, as made.

Plaintiff insists that the assessment appearing in the return purports to increase his tax. He argues that the final assessment of January 20, 1940, necessarily included $347.77 for the months of July, 1933, through May, 1934; that the final assessment of February 8, 1940, covering a shorter period, namely, June, 1934, through April, 1939, and being in the same amount, $699.47, did not include $347.77 for the months of July, 1933, through May, 1934, and that he is, accordingly, prejudiced in the amount last stated. This argument rests upon the erroneous premise that the missing final assessment of January 20, 1940, included a tax deficiency of $347.77, and must fall. The return setting forth the testimony introduced at the two hearings demonstrates, as recounted, that $699.47 actually represents the deficiency in the payment of taxes for the months of June, 1934, through April, 1939. Whether an undisclosed final notice of January 20, 1940, found that this sum, namely, $699.47, represents a deficiency in taxes from July, 1933, through April, 1939, or beginning with June, 1934, and ending April, 1939, is immaterial, as the tax liability, upon either computation, is fixed in the same amount. The defendant explains the seeming discrepancy in dates: "The examining officer found that no additional tax was due for the period July, 1933, through May of 1934, and hence no additional tax was imposed for that period." If the final assessment appearing in the return reflects the decision correctly it appears that no deficiency in tax was actually found for the months of July, 1933, through May, 1934, inclusive. Moreover, the transcript tends to confirm this assumption, affirmatively disclosing, for example, that the plaintiff's tax return for the month of June, 1934, was correct and that

the tax for this month had already been paid. If, however, the plaintiff owed $699.47 for the months beginning June, 1934, and an additional sum of $347.77 for the preceding period, July, 1933, through May, 1934, he is not in a position to complain because such error is in his favor. In any event, the transcript itself purports to be a complete record of the testimony with respect to the tax due, and the final assessment notice of February 8, 1940, conforms to the recommendation of the enforcement officer. The true situation appears to be that a final assessment notice issued on January 20, 1940, erroneously fixed a total tax liability of $699.47 for the period July, 1933, through April, 1939, and when this harmless error in stating the dates was discovered a corrected final assessment notice showing the correct dates issued and was served upon the taxpayer. Plaintiff places almost sole reliance upon the fact that the defendant's return includes this corrected or amended notice of final assessment instead of the original erroneous notice and chooses to ignore the transcript of his testimony, the stipulations and concessions made by his attorney and the findings of the enforcement officer at the two hearings held on November 24 and December 7, 1939. The proceeding in the circuit court was a statutory *certiorari* proceeding and the court was authorized to pass upon all questions of law and fact. The decisive question presented for decision was whether $699.47 in tax liability had been properly determined by the Department of Finance. In strict conformity with the power vested in the circuit court this issue was decided adversely to plaintiff.

Complaint is made that evidence to sustain the imposition of an "A" penalty of $3.47 is wanting. Section 5 of the Retailers' Occupation Tax act provides that in case any person engaged in the selling of tangible property at retail shall fail to make a return, when required, but shall thereafter make a return and fail to pay the entire tax, a penalty of twenty-five per cent of the full amount of the tax shown by such return shall be added thereto. The notice of the

proposed assessment, dated June 21, 1939, contains the following item: "Penalty 25% 'A' Penalty $3.41." The propriety of the imposition of the penalty was not raised at the successive hearings. Furthermore, the plain effect of the concessions and stipulations by plaintiff and his attorney is that the tax returns were incorrect. The taxpayer's return, as amended by the Department to include the "A" penalty, was *prima facie* correct, and the duty rested upon the plaintiff to establish that his tax return had been filed on time and that the penalty was, in consequence, improperly exacted. (*Anderson* v. *Department of Finance,* 370 Ill. 225; *Department of Finance* v. *Player,* 365 id. 215.) This, he failed to do. Manifestly, plaintiff cannot present this question for the first time in a court of review.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*