(No. 26889.—

FRANCIS B. MURPHY, Director of Labor, *Appellee, vs.* CUESTA, REY & COMPANY, *Appellant.*

*Opinion filed November 18, 1942.*

CAVENDER & KAISER, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellee, as Director of the Department of Labor, procured judgment in the sum of $1894.14, in a proceeding against appellant under the Unemployment Compensation Act of this State. The cause is brought here on direct appeal in accordance with statutory provision therefor.

Appellant is a Florida corporation with its principal business at Tampa in that State. About November 1, 1940, it received notice from the appellee, Director of the Department of Labor, that it was liable for unemployment compensation under the Illinois act, covering a period from January 1, 1937, to and including June 30, 1940, with interest. Appellant filed protests and objections. A hearing was had before a representative of the Department of Labor, who also represented the Department in presenting its evidence. After a hearing, upon the recommendation of this representative, appellee Director entered a finding that appellant was liable in the sum of $1705.08, including interest. After objections filed by appellant were overruled, it sued out of the circuit court of Cook county a writ of *certiorari* to review the findings and order.

The writ served upon appellee required the filing of the record of the Department of Labor in the cause by Monday, December 1, 1941. On December 4, 1941, the circuit court on appellee's motion extended the time for filing transcript to January 15, following. The transcript of record was filed on January 6. On hearing in the circuit court appellant filed a written motion to strike the transcript from the files, to sustain the writ, and to set aside the finding for the reason that the transcript or return was not filed by December 1, the return day of the writ. The motion was denied and on hearing the findings of the Department were sustained and the writ of *certiorari* quashed. Judgment was entered against appellant in the amount first stated.

It is urged that paragraph (2) of subsection (a) of section 25 of the Illinois Unemployment Compensation Act, (Ill. Rev. Stat. 1941, chap. 48, par. 242, p. 1629,) is in violation of the constitution of this State and the fifth and fourteenth amendments to the constitution of the United States.

It is also complained that appellant was deprived of its constitutional right to a fair trial for the reason that the representative appointed by the Department to hear and determine all controverted issues, also conducted the prosecution of the hearing. Complaint is also made of the refusal of the court to strike the transcript of the record returned by appellee on appellant's motion. Counsel also say that the findings of fact of the Department were against the manifest weight of the evidence and were arbitrary, fraudulent and void.

In support of the constitutional objection to said paragraph (2), counsel say that since that paragraph authorizes the court, on affirmance of the decision of the Director on *certiorari*, to enter judgment, upon which execution may be. issued, while section 26 of the act .provides only for a lien on the employer's personal property where no review is sought of the decision of the arbitrator, the act discriminates between employers who do not seek review and those who do, tending to deter the employer from seeking review, and therefore the act does not operate equally and uniformly upon all persons in like circumstances, thus depriving appellant of equal protection of the law. It may be pointed out, however, that neither section 25 nor section 26 operates unequally upon all persons in the class to which each is applicable. This is the test of validity. Delinquent employers who do not seek review of the finding of the Director suffer a lien on their personal property. It is conceded to be within the power of the General Assembly to determine what shall constitute a lien and when and how it shall attach, and by paragraphs (a) and (e) of section

26 of the act they have so declared. By section 25 of the act, one against whose personal property a lien has been declared by a finding of the director of the Department of Labor, may have that finding reviewed by *certiorari*, and if he is not sustained in his complaint against that finding, the circuit court is authorized to enter judgment, but such authority exists only in case of affirmance of the order or a finding that a certain sum is due the State. While by taking a review and losing his contentions therein, the employer may have all of his property subjected to the lien of a judgment of court, yet he may likewise have his personal property freed from a lien if he is successful on review. Whether he takes such action is a matter of his own choosing and it does not follow that the results prescribed, in case he exercises such election, either amount to lack of due process of law or want of equal protection of the laws. (*Friedman Manf. Co.* v. *Industrial Com.* 284 Ill. 554.) This contention cannot be sustained.

It is next argued that it was a violation of the constitutional rights of appellant to a fair and impartial hearing, to be subjected to a hearing prosecuted by a representative of the Department of Labor. Counsel for appellant cite in support of their contention in this behalf, *Murphy* v. *Luecht & Co.* 379 Ill. 227, and *Durkin* v. *Hey,* 376 Ill. 292. In the former of these cases it was contended, among other points, that the provision authorizing a deputy to conduct hearings, and in which it was said he acted both as advocate and judge, was invalid. Objection was also made that the determination of the deputy as sustained by the Director and by the lower court, was contrary to the weight of the evidence. This court did not pass upon the validity of the act as here urged but decided the cause upon the facts. *Durkin* v. *Hey, supra,* lays down the general principle of guaranty of due process of law which requires that every man have the protection of his day

in court and the benefit of the general law. This contention was presented and denied in *Department of Finance* v. *Cohen,* 369 Ill. 510, a case arising under the provisions of the Retailers' Occupation Tax Act, authorizing investigations, hearings and determination of the tax by deputies of the Director of the Department of Finance. To the same effect is *Anderson* v. *Department of Finance,* 370 Ill. 225. For the reasons given in those cases the act is not open to the objection urged. The finding of the representative of the Department can be no more than a recommendation and does not amount to a finding until passed upon by the Director or the court, in case review is sought.

Counsel for appellant also argue that the return to the writ of *certiorari* should have been quashed because not filed within the time fixed by the order requiring the return. The function of a writ of *certiorari* is to bring before the court the record of an administrative or inferior judicial tribunal for inspection and review. This inspection is awarded on the petition of one seeking to have such record quashed. The duty upon the officer to whom the writ is directed is mandatory, and failure to comply may subject him to contempt. But the return of the writ, however, is essential to the relief sought by the petitioner, and whether the Director, for failure to comply with the writ and to file the transcript of the record on or before December 1, might have been subject to contempt of court,—a matter not before us—it is clear that the court did not lose jurisdiction, for if it did, it lost jurisdiction of the whole proceeding, which, of course, is neither a matter within the contemplation of the petitioner nor of the law.

In *Diogenes* v. *Department of Finance,* 377 Ill. 15, the return filed in response to a writ of *certiorari* was incomplete, and it was held that it was the duty of the petitioner to apply to the trial court for a correction of the transcript, and having failed to do so, he could not question its suf-

ficiency on the hearing. It is generally recognized that the failure of the officer, whose record is to be reviewed by writ of *certiorari,* to file the same by the day on which it was made returnable by the writ, while it may subject him to punishment for contempt, will not authorize the dismissal of the proceeding where the record is filed before motion to dismiss is made. (*Carter* v. *Cross,* 128 S. E. (Ga.) 590; 14 C. J. S., sec. 116, p. 250.) This contention cannot be sustained.

It is finally urged that the finding of the Director was contrary to the manifest weight of the evidence, fraudulent and void. This is based upon the contention that Mesick, the alleged employee, was an independent contractor and not an employee. The facts are as follows: On October 26, 1937, appellant wrote a letter to the Unemployment Compensation Division of the Illinois Industrial Commission, advising that it had one salesman employed in Illinois, residing in Chicago, and asking for information concerning Illinois laws on unemployment compensation. Under date of November 3, 1937, the Commissioner of Placement and Unemployment Compensation of Illinois replied to appellant's letter advising that inasmuch as it had only one employee working in Illinois, it was not required to make contribution under the Illinois Unemployment Compensation Act and advising that it could elect to have its employee covered by the Illinois act, thus securing to itself a credit offset of 90% of the amount authorized by title IX of the Social Security Act as well as making such employee eligible for unemployment benefits if he should become unemployed. November 8, 1937, appellant acknowledged receipt of the Department's letter of November 3 and wrote: "We wish to elect coverage for our employee and making eligible for unemployment benefits under your State's Unemployment Act, and will appreciate your sending us at your convenience necessary forms to be

filed." November 10, 1937, the same commissioner wrote appellant and enclosed Form UC-1, "Report to Determine liability," with explanatory literature, and a set of Forms UC-1-b, to extend the coverage of the Illinois Unemployment Compensation Act, and wrote further as follows: "If, as will be indicated in your UC-1 report, your firm is automatically liable or elects coverage under the provisions of the Act, the forms necessary for contributions will be forwarded on or about December 15. · Your name will be placed on our mailing list to receive all material such as rules and regulations as and when issued. Under the Illinois Act the first contributions and contribution reports will be due not later than January 31, 1938, and will represent an amount equal to 1.8% of wages payable for the year of 1937. Contributions on 1938 payrolls will be made monthly."

On November 12, 1937, appellant filed and forwarded to the appellee Department a questionnaire giving its name and address and stating in effect that while it was not liable for contributions under the act of Illinois, they wished to provide coverage for employees in this State and to become in all respects subject to the act. Later, during the same month, another questionnaire was filled out and signed and forwarded to the Department, giving the information that they were liable for unemployment compensation in the State of Florida and under the Federal act, and stating that they voluntarily elected, pursuant to the terms and provisions of the Illinois Unemployment Compensation Act, "to become an employer liable to pay the contributions under the Illinois Unemployment Compensation Act to the same extent as any other employer." Mesick was the only employee—if he was·such,—of the appellant in Illinois, and in the absence of an election so to do appellant was not liable under the Unemployment Compensation Act of this State to make contributions. Appellant's

election to come under the act was approved by appellee, Director of Labor, on January 6, 1938, to become effective as of January 1, 1937. On August 29, 1938, appellant wrote the Department seeking to be relieved from the operation of the act. On May 5, 1939, it wrote the Department enclosing a questionnaire and a copy of the contract which it had with Mesick, and urged that it showed him to be an independent contractor. On September 6, 1939, appellant was notified by the Department of Labor that its legal department had ruled that Mesick is an employee for the reason that he is not shown to be independently established in the profession of tobacco broker or factor, and that appellant was required to pay compensation contributions for the years 1937, 1938 and 1939, and calling attention to the fact that further payments might be terminated as provided by the act.

Paragraph (c) (1) of section 3 of the act, (Ill. Rev. Stat. 1941, chap. 48, par. 219,) provides that any employing unit for which services are performed, which do not constitute employment as defined by the act, may file with the Director of the Department of Labor a written election that all such services performed by an individual in its employ shall be deemed to constitute employment for all the purposes of the act for not less than two calendar years. The act provides that such services shall be deemed employment and subject to the act as of January 1 of any calendar year. It is clear from the evidence before the Department of Labor that the appellant voluntarily elected to come under the act as of January 1, 1937, and remained thereunder for a term of two years, and thereafter unless it has notified the Department, as provided in the act, of its election to cease to be under the act.

The act provides that an employer may, with certain limitations, not material here, elect to cease to operate under the act after two years following his election to come

under it, provided he shall, at least thirty days before January 1 of any year after such two-year period, notify the Director of his election to do so.

Appellant sought, on August 29, 1938, to be relieved from contributions under the statute by notifying the Director of its election to no longer be bound by the act. This notice did not relieve it from liability for contributions for the years 1937 and 1938. (Ill. Rev. Stat. 1937, chap. 48, par. 219, par. (c) (1) of sec. 3, p. 1611.) However, the election to withdraw from the act, filed on August 29, 1938, was more than thirty days before the first of January, 1939, and therefore, under the section of the act just cited, sufficed to relieve it from contributions after December 31, 1938. Its letter of May 5, 1939, enclosing a questionnaire and copy of the contract, was in furtherance of and for the purpose of supporting its claim that it was not under the act, and cannot be construed as a recognition of liability. Since appellant is not liable for contributions for the year, 1939, and the first two quarters of 1940, it is clear that the judgment entered against it was excessive by the sum of $684.91, as that was the total of contributions charged against appellant for the years 1939 and 1940.

As appellant came voluntarily under the act and paid no contribution at any time, it is equally clear that it is liable for contributions during the years 1937 and 1938. There is no evidence of fraud in the hearing or in the finding, but the court erred in the amount of the judgment entered against appellant. The judgment of the circuit court is reversed and the cause remanded with directions to enter proper judgment. Ill. Rev. Stat. 1939, chap. 38, par. 230, p. 1618.

*Reversed and remanded, with directions.*