(No. 27338.—

ANTON LUTKUS, Appellant, *vs.* THE DEPARTMENT OF FINANCE, Appellee.

*Opinion filed January 18, 1944.*

Novotny & Haase, of Chicago, for appellant.

George F. Barrett, Attorney General, (William C. Wines, of counsel,) for appellee.

Mr. Justice Wilson delivered the opinion of the court:

The plaintiff, Anton Lutkus, doing business as Anton's Tavern, appeals from a judgment of the superior court of Cook county quashing a writ of *certiorari* sued out to review the assessment of the defendant, the Department of Finance, against him in the amount of $964.98 representing tax deficiencies, and penalty of $48.25, under the Retailers' Occupation Tax Act.

The tax covers a period commencing January 1, 1938, and ending March 31, 1941. Plaintiff's tax returns disclose that he reported sales of $1517.90 for the year 1938, an average of $4.15 per day. For the year 1939, reported

sales increased moderately, resulting in an average of $6.12 per day. For the year 1940, reported sales averaged $6.62 per day. June 24, 1941, the Department of Finance notified plaintiff of a proposed assessment against him, based on taxable receipts of $1000 per month. Plaintiff protested the assessment and sought a hearing.

At a departmental hearing, plaintiff testified that he owned and operated a tavern at 1255 West Madison street, Chicago. To a query of the hearing officer with respect to plaintiff's objections to the proposed assessment, his attorney replied that at all times he had made true and correct returns and that the only affirmative showing as to the amount of taxable receipts he proposed to make was plaintiff's own testimony. Plaintiff testified further that he did not keep books and records covering his operations for the period in controversy, explaining "I just punch the register. I just keep track of the register. I don't have any books." When asked whether he recorded daily the amount of his receipts, plaintiff said, "Yes, but I don't keep the books. I just send once a month sales tax and throw out the papers. I have no record of purchases or expenses. I have some bills." Plaintiff declared that he did not desire an opportunity to obtain from his various suppliers a record of the amount of purchases made for his business during the time in question. His attorney added that the expenses incident to his client's business operations during this period were immaterial. In short, plaintiff had never kept adequate books and records, as prescribed by section 7 of the statute, (Ill. Rev. Stat. 1943, chap. 120, par. 446,) and article 8 of the rules promulgated by the Department. When asked if he desired the Department of Finance to issues *subpoenas* to his various suppliers so that he might be enabled to question them, his attorney answered, "We don't desire anything of that kind." In the absence of any showing other than plaintiff's unsupported interested testimony, the hearing officer found that he had not sub-

mitted such specific proof as would overcome the *prima facie* case established by defendant and recommended that a final assessment be issued in the same amount as the proposed assessment.

To obtain a reversal, plaintiff makes the contention, among others, that section 12 of the Retailers' Occupation Tax Act, to the extent it provides, "In case the Court shall affirm the assessment of the Department in full or in part it shall proceed to enter judgment in said action against the petitioner for the amount of such assessment affirmed either in full or in part, and for costs upon which judgment execution may issue as in other cases" (Ill. Rev. Stat. 1943, chap. 120, par. 451,) is void and unconstitutional. Plaintiff does not suggest the provisions of either the constitution of this State or of the United States violated by section 12. In the trial court, plaintiff's attorney objected to the entry of judgment upon the ground that he was "questioning the constitutionality of the statute which permits the court to enter a judgment in this matter without first hearing evidence." The objection was overruled. Counsel then offered to prove by competent testimony that subsequent to the date of the finding entered against plaintiff, the amount of the assessment had been paid in full, that he had filed a petition in bankruptcy in the United States District Court and defendant's claim was filed, presented, allowed and paid, and, further, that plaintiff had died and in consequence, a judgment could not lawfully be rendered against him, a "dead man." Objections to each of these offers of proof were sustained. From plaintiff's objections to the motion of the defendant to strike from the file and expunge the transcript of record, abstracts, briefs and other proceedings of record in this cause, it now affirmatively appears that plaintiff was not only not deceased but was actually present in the court room at the time the statement was made. Manifestly, plaintiff is not in a position to urge the unconstitutionality

of section 12 on the ground that if he had already paid the tax or if he had died prior to the entry of judgment the refusal, in either instance, to hear additional evidence would have deprived him of his rights guaranteed by the Federal and State constitutions. There is no basis for a consideration of the constitutional issue argued by plaintiff. Where the constitutional validity of a statute is assailed, the objection must be specific and complete. (*Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449; *People* v. *Calkins,* 291 Ill. 317; *Reining* v. *Mueller,* 248 Ill. 389.) The mere assertion that a constitutional question is presented or a constitutional right invaded is insufficient to present a question of the construction of the constitution or the validity of a statute. (*Grutzius* v. *Armour and Co.* 377 Ill. 447; *Hawley Products Co.* v. *May,* 377 Ill. 506; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *People* v. *DeYoung,* 369 Ill. 341; *Hawkins* v. *Hawkins,* 350 Ill. 227.) In any event, the propriety of the procedure followed in the case at bar has long been established. In *certiorari* proceedings directed against a determination of the Department of Finance, the court does not hear additional evidence but decides the matter upon the Department's record. (*Superior Coal Co.* v. *O'Brien,* 383 Ill. 394; *Clauson* v. *Department of Finance,* 377 Ill. 399; *People ex rel. Nelson Bros. Storage Co.* v. *Fisher,* 373 Ill. 228.) It follows that the court properly sustained defendant's objections to the offers of proof.

The hearing officer certified the return to the writ of *certiorari,* namely, the transcript of the proceedings before the Department of Finance. Plaintiff contends that the return should have been certified, instead, by the Director of the Department of Finance. It is true, as plaintiff insists, that the assessment of the tax made after notice and hearing before an investigator of the Department of Finance must be made by the Department on the report of the finding of the officer and cannot be made by the hearing

officer himself. (*Department of Finance* v. *Goldberg*, 370 Ill. 578.) Here, the final assessment was made by the Department of Finance and signed by the Director of Finance. It does not follow that the Director must certify the transcript of proceedings before a hearing officer. Indeed, the only person who can truthfully attest the correctness of the testimony and exhibits is the hearing officer. The Director does not personally conduct the hearing and the statute does not require that he certify the record. Nevertheless, in its return to the writ of *certiorari,* the Department, through its Director, adopted the certification of the hearing officer.

Plaintiff next complains that the record of proceedings before the Department of Finance is insufficient, incomplete and incorrect. If plaintiff deemed the return of the Department incomplete or incorrect, either in form or substance, he should, by appropriate motion, have challenged its sufficiency and requested the court to direct the Department to complete or correct its return, or to file an additional return. (*Murphy* v. *Cuesta, Rey & Co.* 381 Ill. 162; *Diogenes* v. *Department of Finance,* 377 Ill. 15.) This, he did not do. Instead, he elected to interpose a motion, supported by affidavit, to strike the return. This motion was properly denied. The judgment order does recite that a motion to require the defendant to file an amended return was overruled. This motion is not set forth in either the record or the abstract. Plaintiff's affidavit was attached to and made a part of his motion to strike the record—not to the motion for a rule on defendant to file an amended return, as plaintiff says.

The final contention made by plaintiff is that the evidence adduced by him was sufficient to overcome the *prima facie* case by the defendant. The proposed assessment, constituting a correction of returns filed by the taxpayer or amended returns, was *prima facie* correct. (*Anderson* v. *Department of Finance,* 370 Ill. 225.) Reliance by

plaintiff upon *Novicki* v. *Department of Finance,* 373 Ill. 342, cannot avail him. The principal resemblance between the *Novicki case* and the case at bar lies in the fact that the respective taxpayers were represented by the same attorney. In the *Novicki case,* the taxpayer's books were introduced in evidence and his testimony was not so inconsistent or improbable in itself as to be unworthy of belief. Here, plaintiff's tavern was exceptionally well located. Construing his testimony in a charitable light, it is simply incredible that he could operate his tavern for a period of three years upon average daily receipts ranging from $4.15 to $6.62. Plaintiff declined to supply records of purchases and, in general, to disclose pertinent facts relating to his business. Upon the record made, the hearing officer was amply warranted in concluding that the Department's *prima facie* case had not been overcome by the testimony of plaintiff.

Seldom does a cause reach this court containing so little merit as the present appeal. The conclusion is inescapable that the *certiorari* proceedings in the superior court and the appeal to this court were each prosecuted for the sole purpose of delaying the date of payment of the retailers' occupation tax owing by plaintiff to the State of Illinois. Determination of the issues presented could add nothing to an understanding of the Retailers' Occupation Tax Act. The conduct of plaintiff and his refusal to cooperate in an effort to establish the tax leads to the conclusion that the defense was purely one of evasion. The offers of proof by plaintiff's counsel, despite protestations that the purpose was only to make his point, were not in conformity with the best ethics of a proper trial. Offers of proof without foundation of fact are rarely indulged.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*