(No. 32205.—

SOL GOLDFARB, Appellant, *vs.* THE DEPARTMENT OF REVENUE *et al.*, Appellees.

*Opinion filed March 20, 1952.*

HOLLAND & HOLLAND, of Wood River, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, HAROLD G. TALLEY, and RAYMOND S. SARNOW, of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The Department of Revenue, hereinafter referred to as the Department, imposed a deficiency assessment of retailers' occupation tax in the amount of $2136.55 against appellant, Sol Goldfarb, doing business as Goldfarb's Department Store, hereinafter referred to as the taxpayer. The assessment was confirmed by the circuit court of Madison County and the taxpayer appeals to this court, the revenue being involved.

The taxpayer operated a department store in Woodriver, Illinois, selling men's, women's and children's clothing and household drygoods during the taxable period here involved, January 1, 1943, through December 31, 1945. Regular monthly reports, as required by the Retailers' Occupation Tax Act, were made to the Department by the taxpayer during all this period and taxes were paid on the total monthly receipts shown on these reports.

Section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1951, chap. 120, par. 443,) provides: "As soon as practicable after any return is filed, the Department

shall examine such return and shall correct such return according to its best judgment and information, which return so corrected by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown therein. Instead of requiring the person filing such return to file an amended return, the Department may simply notify him of the correction or corrections it has made." The section further provides that if the tax computed on the corrected return is greater than the amount on the taxpayer's returns, the Department shall notify the taxpayer that it proposes to assess the amount due together with penalties. Provision is then made for the taxpayer to file his protest and a hearing is held by a hearing officer appointed by the Department.

Pursuant to this provision of the act, the Department, in the month of June, 1946, caused an audit to be made at the taxpayer's place of business, and a corrected return covering the three-year period was prepared showing the tax due on the corrected return greater than the amount shown on the taxpayer's monthly returns. A notice of the proposed assessment was served upon the taxpayer. A protest was duly filed by the taxpayer and hearings were held at which evidence was heard on behalf of the Department and the taxpayer. The hearing officer recommended, and the Department made, a final assessment in accordance with the corrected returns, and that assessment was confirmed by the circuit court.

The sole question presented by this appeal is whether the taxpayer's evidence presented at these hearings was sufficient to overcome the *prima facie* case which is made, as provided by the statute, by the Department's corrected return.

The record discloses that on or about May 1, 1946, two employees of the Department called upon the taxpayer at his place of business, advised him who they were, and called for his books and records. The taxpayer thereupon turned

over all his records to them, consisting of his cash receipts and sales books, bank deposit books, disbursement records, retailer occupation tax returns, accounts receivable ledger, cancelled checks, bank's statements, income tax returns, purchase invoices, and general ledger. According to the testimony of the auditors, they ignored all the taxpayer's records except his purchase invoices and the inventories as shown on his income tax reports, and proceeded to make their audit from these latter records alone and the oral statements made to them by the taxpayer. In order to compute the taxpayer's gross receipts they testified they took the purchase invoices, asked the taxpayer the selling prices of the articles listed in these invoices, and from the cost price as shown by such invoices and the selling prices as given to them by the taxpayer, arrived at a markup figure of 52.2 per cent. This markup was added to the costs as shown by the invoices and the sum thereof was entered as the gross receipts. By the use of this method, the auditors found the taxpayer's gross receipts for the taxable period of three years to be $538,999.70 as against $439,147.61 as reported by the taxpayer on his tax returns for that period. Upon these figures they computed a tax deficiency of $1852.46, to which was added penalties in the sum of $184.09, making a total due the Department of $2136.55.

The Department contends that where it did not appear to its auditors that the taxpayer's books and records truly and accurately reflected his gross receipts this 'markup' method of auditing was proper and the corrected return made a *prima facie* case; that the purchases were taken from the taxpayer's purchase invoices and the selling prices were given to them, and approved in writing by the taxpayer; that he is bound by his signed statement of the purchases and selling prices; and that he fails to overcome the *prima facie* case by any competent testimony or evidence. They further contend that the taxpayer has failed

to comply with the mandatory requirement of the act that he keep annual inventories.

The taxpayer contends that his books and records were in substantial compliance with the statute, that they were true and correct, that the Department accepted them and made no objection to their substantial sufficiency, and that, under such circumstances, the Department could not ignore such records and substitute an arbitrary markup formula. He further contends that where the only competent evidence was his books and records, supported by his testimony which was not so inconsistent or improbable, in itself, to be unworthy of belief, the purported *prima facie* case is overcome.

A detailed recitation of the evidence is deemed unnecessary. The salient facts are that the taxpayer produced a record of his daily receipts, testified that this record was kept by him or under his supervision, that it contained a true and correct record of all the receipts of the business taken daily from his cash register, that his monthly reports were made from this record, that such reports were true and correct, and that he did not receive the gross receipts shown by the corrected return prepared by the Department. In explanation of the discrepancy between the gross receipts shown on the corrected return and his monthly reports the taxpayer testified that the sales prices he gave the auditors were his "ticket" prices; that he frequently sold items for less than the "ticket" prices at seasonal sales and in making "concessions" to customers; that during this taxable period he had donated 275 pairs of shoes to the British Relief, gave "hundreds" of ladies coats and dresses to the Greek Relief Drive, "a lot" of sweaters to the Salvation Army, that he had sustained losses by theft of articles from the store; and that he had a "large amount" of outstanding accounts on merchandise included in the purchase invoices which were not reflected in his receipts.

The Department offered no evidence to show the taxpayer's records were incorrect other than the corrected return based on the sales prices given by the taxpayer. It is admitted that sales for less than the "ticket" price, gifts or losses were not taken into consideration, and the hearing officer disregarded this testimony of the taxpayer because it was not supported by records.

The auditors testified that they used the taxpayer's purchase invoices, inventories as shown on his income tax reports, and the selling prices which he gave them, and disregarded all other records. They made no objection to the taxpayer's records other than a statement by one of them in regard to the record of daily receipts that "I don't believe he was ringing it all up." They made no attempt to substantiate this opinion and there is nothing in the record to support it.

We have decided the identical question here involved in recent cases which, in principle, cannot be distinguished from the case at bar.

In *Miller* v. *Department of Revenue,* 408 Ill. 574, the taxpayer operated five retail liquor stores. Each store kept a record of its daily sales by cash register and at the end of each day the total sales were taken from each register and sent to the central office and there posted in one sales journal, from which the taxpayer's reports of his gross receipts were taken. The Department there made a markup audit exactly as was done here and the corrected return showed gross receipts for the taxable period to be $363,758.79 as against the taxpayer's reported receipts of $241,491. The taxpayer there testified that his record of receipts was correct, that the discrepancy in his receipts and the markup figure was due to waste, losses by theft, sales for reduced prices and consumption other than by sale. The Department there, as here, rejected this testimony because no record was kept of sales for reduced prices, etc. We there held that this evidence was competent,

and that it was "fully as worthy of belief as the admittedly artificial result reached by the Department by the application of its formula of markup." We there found that this evidence was sufficient to overcome the *prima facie* case made by the corrected return, that the burden of proving its case by competent evidence shifted to the Department, that it failed to sustain that burden and that the trial court was justified in quashing the assessment.

In *Novicki* v. *Department of Finance*, 373 Ill. 342, the same question was involved. We there said that the amount of receipts in a business is a question of fact which is susceptible of accurate computation and on hearing it must be sustained by competent evidence. The taxpayer there explained the discrepancy between the markup formula receipts and his actual receipts by the loss of beer by waste, cleaning coils and giving it away. At page 346 of that opinion we said "Whether or not Novicki was telling the truth is not in issue, and on that we express no opinion. That is a matter which can be ascertained by the introduction of evidence. His testimony was not so inconsistent or improbable, in itself, as to render it unworthy of belief, or to overcome his positive testimony that his books were true and correct. In this state of the record, with appellant's evidence uncontradicted, the *prima facie* case made by the proposed assessment was overcome, and the burden shifted to appellee to prove its case by competent evidence. This it failed to do."

The Department cites *Lutkus* v. *Department of Finance*, 385 Ill. 221, and *Du Page Liquor Store, Inc.* v. *McKibbin*, 383 Ill. 276, wherein the assessments were affirmed. These cases are readily distinguishable. In the *Lutkus case* the taxpayer had no books or record of any kind of either his receipts or purchases. He offered no evidence other than his own testimony, which was incredible; he refused to supply records of purchases and to disclose pertinent facts relating to his business. In the *Du Page Liquor Store case,*

the taxpayer's records of sales consisted of some loose leaves or sheets taken from a notebook on which were entered merely a date and number. These figures were not identified or connected in any way with any books or records of sales, covered only part of the taxable period and for some of the months involved the taxpayer had no record at all of his receipts. In neither of these cases did the taxpayer have a complete record of his daily receipts or his purchases or give the Department anything from which an audit could be made.

The Department contends that the deficiency assessment should not be disturbed by this court unless it is palpably erroneous or contrary to the manifest weight of the evidence. That is not the rule in this type of case. The rule here, as clearly set out in the cases cited by both parties, is that the corrected return is *prima facie* correct but when the *prima facie* presumption is overcome the Department has the burden of proving its case by a preponderance of competent evidence. Here, the hearing officer rejected the competent testimony of the taxpayer, that testimony and his records overcame the *prima facie* case made by the corrected return, and the Department failed to prove the corrected return by a preponderance of the evidence.

The Department contends that the taxpayer is bound by his "Taxpayer's Statement" showing his selling prices and his purchase invoices. He does not deny his purchase invoices, he furnished them to the Department, nor is he denying his selling prices as given to the auditors. The "Taxpayer's Statement" states that the prices listed "were in effect" during the taxable period, not that he sold all the merchandise for those prices, and he is not thereby precluded from showing sales at reduced prices, losses, gifts and uncollected sales.

The contention of the Department that the taxpayer failed to keep an annual inventory as required by the act is an assumption which is not justified by the record. It

nowhere appears in this record that the taxpayer did not have such inventory or that it was ever demanded by the auditors. One of the auditors testified that they took into consideration the taxpayer's opening and closing inventories which they took from his income tax reports. They asked for nothing more, and the question of whether or not the taxpayer had any other inventory was never raised by the auditors or at the hearing. The Department should not now be permitted to say the taxpayer had no inventory when there is no proof to support such contention.

The Department did not question the sufficiency of the taxpayer's records; it ignored them. The taxpayer testified positively that his records were true and correct and this testimony was not refuted. His testimony in regard to sales at reduced prices, losses and gifts of merchandise cannot be said to be so inconsistent or improbable, in itself, as to be unworthy of belief, in view of the general knowledge and general custom of retail stores of this type holding seasonal sales and selling at reduced prices. The positive testimony of the taxpayer has not been refuted or impeached, in spite of the fact that the auditors had possession of all his books and records and ample opportunity to determine and show if they were incorrect or false in any respect. Under these circumstances, this court will not assume the taxpayer testified falsely.

This case is clearly within the sound holding and reasoning of the *Miller* and *Novicki cases* and the trial court erred in affirming the final assessment of the Department. This cause is remanded to that court, with directions to quash the record of the Department of Revenue.

*Reversed and remanded, with directions.*