**Brooks W. ROUNTREE, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 71-1741.**

United States Court of Appeals, Sixth Circuit.

March 7, 1972.

Brooks W. Rountree, in pro. per.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennett N. Hollander, John M. Scott, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief for appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KEITH, District Judge.*

PER CURIAM.

Taxpayer Brooks W. Rountree appeals from a memorandum decision of the

---

1. The Clerk has numbered that appeal No. 26,647.

* Honorable Damon J. Keith, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

United States Tax Court, T.C. Memo. No. 1971–32, 30 T.C.M. 137. Reference is made to the opinion of the Tax Court for a complete statement of the facts.

The issue before this court is the allowability to a divorced father of dependency exemptions and medical expense deductions for his three children in the custody of his ex-wife. Rountree proved that he had contributed approximately $2,550 towards the support of his children in 1965. However, he offered no proof of the total amount of the children's support from all sources.

 Under § 152(a) of the Internal Revenue Code of 1954, a dependency exemption [1] is available only to a taxpayer parent who contributes over one-half of the child's support. "The taxpayer is obligated to prove both the total amount expended for each child and that the amount provided by the taxpayer is more than one-half of this amount." Hogg v. United States, 428 F.2d 274, 283 (6th Cir. 1970), cert. denied, 401 U. S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Rountree did not meet this burden of proof. [2]

 Rountree further contends that the Internal Revenue Service, in negotiating his payment check and issuing a form notice of account adjustment showing "BALANCE DUE . . . . . NONE", settled and compromised his tax liability. This contention is without merit. The payment was accepted subject to audit and adjustment within the statute of limitations. See 'Clark v. Commissioner of Internal Revenue, 158 F.2d 851 (6th Cir. 1946).

Affirmed.

---

1. Medical expense deductions are only allowable where the expenses were incurred for the care of the taxpayer or a dependent. The medical expense deductions thus stand or fall with the dependency exemption.

2. This burden has been relaxed for taxable years commencing with 1967. A divorced parent not having custody need only show a child support contribution in excess of $1,200 where the parent having custody does not establish clearly a contribution in excess of that of the non-custodial parent. Act of August 31, 1967, Pub.L.No. 90–78, 81 Stat. 191, codified in 26 U.S.C.A. § 152(e).