DIANE L. BALLA, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (4th Division)   No. 80-1370

Opinion filed May 7, 1981.

Walter K. Pyle, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The petitioner, Diane L. Balla, brought this action under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq*.) to review a decision of the Illinois Department of Revenue (Department) disallowing income tax exemptions which the petitioner claimed for her three minor children. The circuit court of Cook County entered judgment in favor of the Department and the petitioner appeals contending that: (1) the Department failed to prove by a preponderance of the evidence that she was not entitled to the exemptions, and (2) her uncontroverted testimony that she alone supported the children was sufficient to establish her right to the exemptions.

The petitioner obtained a divorce in 1974 and was awarded custody of her three children. The divorce decree provided that she would receive $500 per month from her ex-husband as "family support." The petitioner claimed personal exemptions for herself and each of the three children on her Federal and State income tax returns for the year 1975. In 1977, the Internal Revenue Service (IRS) notified the Department that it had reduced the number of exemptions on the petitioner's Federal return by three. The Department then correspondingly reduced the number of exemptions on her State return. The petitioner filed a protest, and a hearing was held before the Department.

At the hearing, the Department introduced a copy of the IRS report disallowing the petitioner's children as exemptions. The petitioner testified that she was the source of her children's support and that no one else contributed to their support for the year 1975. She received a "little bit" of money from her ex-husband, but was not receiving any money from him at the time of the hearing. The petitioner also stated that she did not participate in any proceedings before the IRS.

By mutual agreement, the hearing was continued for two months to enable the petitioner to secure additional evidence in support of her position. At the second hearing, the petitioner introduced no additional evidence or documentation. The petitioner's attorney stated that he discussed the procedure for requesting a redetermination by the IRS of the Federal disallowance of the exemptions. He was advised that the matter would be reopened only if the petitioner could present certain

evidence in support of her claim. He said that the IRS "would not accept merely words that [the petitioner] did not owe the money; they requested some supporting documents."

The Department issued a final decision determining that the petitioner failed to prove that she was entitled to claim exemptions for her children. The circuit court of Cook County affirmed this determination and entered judgment in favor of the Department for the amount of the tax deficiency.

The petitioner contends that the Department had the burden of proving by a preponderance of the evidence that she was not entitled to the claimed dependency exemptions. She argues that the Department failed to meet this burden in that the only evidence introduced at the hearing was a copy of the IRS report disallowing the exemptions on her Federal return.

■■ Ordinarily, the taxing authority has the burden of proof regarding a taxpayer's liability to the government. (*Cornett-Lewis Coal Co. v. Commissioner of Internal Revenue* (6th Cir. 1944), 141 F.2d 1000.) For example, the taxing authority bears the burden of proving that the taxpayer actually received income (*Thomas v. Commissioner of Internal Revenue* (6th Cir. 1955), 233 F.2d 83), and that such income is properly subject to taxation (*Miller v. United States* (7th Cir. 1961), 296 F.2d 457). The Illinois legislature, in order to aid the Department in meeting its burden of proof in this respect, has provided that the findings of the Department concerning the correct amount of tax due are *prima facie* correct. (Ill. Rev. Stat. 1979, ch. 120, par. 9—904(a).) When the taxpayer introduces credible evidence to the contrary, the burden is again placed on the Department to prove its contentions by a preponderance of the evidence. *Goldfarb v. Department of Revenue* (1952), 411 Ill. 573, 104 N.E.2d 606.

■■ However, when a taxpayer claims that he is exempt from a particular tax, or where he seeks to take advantage of deductions or credits allowed by statute, the burden of proof is on the taxpayer. (*Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 347 N.E.2d 729; *Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 410 N.E.2d 828; 47 C.J.S. *Internal Revenue* §372 (1946).) This derives from the fact that deductions and exemptions are privileges created by statute as a matter of legislative grace. (*Bodine Electric Co. v. Allphin.*) Statutes granting such privileges are to be strictly construed in favor of taxation. *Telco Leasing, Inc. v. Allphin.*

Under both the Illinois Income Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 2—202) and the Internal Revenue Code (I.R.C. §63), the dependency exemption claimed by the taxpayer in the case at bar is treated as a credit against net income. As such, the amount of the exemption is deducted from adjusted gross income or base income in arriving at taxable income.

The parties have not cited, and we have not found, any Illinois case which deals specifically with the burden of proof regarding the dependency exemption. The jurisdictions which have dealt with the subject, however, have treated it as a deduction and have uniformly placed the burden of proof upon the taxpayer. *Schluter v. Commissioner of Internal Revenue* (9th Cir. 1971), 444 F.2d 107; *Rountree v. Commissioner of Internal Revenue* (6th Cir. 1972), 456 F.2d 1110; *Kennedy v. Commissioner of Internal Revenue* (7th Cir. 1964), 339 F.2d 335; *Rezazadeh v. Commissioner of Internal Revenue* (7th Cir. 1966), 356 F.2d 898; 71 Am. Jur. 2d *State & Local Taxation* §545 (1973); 47 C.J.S. *Internal Revenue* §682 (1946).

■■ The petitioner's argument, therefore, rests on the erroneous premise that the Department had the burden of showing that she was not entitled to the dependency exemptions. Since the burden was properly placed on the petitioner, it was her responsibility to introduce evidence at the hearing to prove the legitimacy of her claim. Whether she has introduced a sufficient amount of evidence forms the basis of the petitioner's next claim.

The petitioner's contention is that her uncontroverted testimony that she was the sole source of her children's support was sufficient to establish her entitlement to the claimed exemptions. The Department denied the exemptions on the ground that the petitioner "did not prove that she furnished more than one-half of the support of her three children." The circuit court confirmed this finding, stating that "[t]he testimony of the [petitioner] consisted of statements, in the main, which could at best be regarded as conclusory * * *. There were no records to corroborate the conclusion." We may reverse the Department's finding concerning the sufficiency of the petitioner's testimony only if it is against the manifest weight of the evidence. (*Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 378 N.E.2d 1281.) A finding is against the manifest weight of the evidence only where an opposite conclusion is clearly evident. *Fox v. Civil Service Com.* (1978), 66 Ill. App. 3d 381, 383 N.E.2d 1201.

In finding the petitioner's testimony insufficient to sustain her burden of proof, the trial court relied on cases involving the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*). The petitioner argues that while it is appropriate to require businessmen to produce books and records in support of their claims, it is unreasonable to expect the same level of proof from a working mother raising three children.

■■ While we do not hold that the type of proof required to establish the petitioner's claim must rise to the level of that expected under the Retailers' Occupation Tax Act, we do not believe it is unreasonable to expect her to do more than simply state that she supported the children. At the Department hearing, the hearing officer requested her to produce a

copy of her 1975 Federal tax return and the Federal audit report. The hearing officer considered these documents to be very important in establishing the petitioner's claim, and continued the hearing for two months to allow her to obtain them. We do not believe that the Department imposed an unreasonable burden on the petitioner by expecting her to comply with this request. It was certainly no greater than the burden imposed by the IRS. The petitioner admitted that the IRS would reexamine its disallowance of the exemptions only if she could present certain evidence in support of her claim. The petitioner's attorney interpreted this as meaning that the IRS "would not accept merely words that she did not owe the money; they requested supporting documents." Under these circumstances, we do not believe that the Department's finding that the petitioner's uncontroverted testimony was insufficient to establish her claim was obviously or clearly wrong.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.