HOLLIS B. FLATT AND JUDY F. FLATT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES K. BAILEY AND CLETA SUE BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flatt v. Commissioner
Docket Nos. 8982-84, 13418-84.
United States Tax Court
T.C. Memo 1986-495; 1986 Tax Ct. Memo LEXIS 108; 52 T.C.M. (CCH) 713; T.C.M. (RIA) 86495; September 30, 1986. William Robert Pope, Jr., for the petitioners in docket No. 8982-84. John B. Owens, Jr., for the petitioners in docket No. 13418-84. Nancy W. Hale, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: These consolidated cases were assigned pursuant to section 7456(d) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure.[1]
*110 Respondent determined the following deficiencies in income tax: Income Tax
Petitioner
Year
Deficiency
Hollis B. and
1980
$1,066
Judy F. Flatt
1981
1,274
(Docket No. 8982-84)
James K. and
1980
$  860
Cleta Sue Bailey
1981
730
(Docket No. 13418-84)
The issue is whether the custodial or the noncustodial parent is entitled to dependency exemption deductions in 1980 and 1981 for their two minor children. Some of the facts were stipulated and they are herein incorporated by this reference. Petitioners Hollis B. and Judy F. Flatt were residents of Gallatin, Tennessee at the time their petition herein was filed. Petitioners James K. and Cleta Sue Bailey were residents of Dickson, Tennessee at the time their petition herein was filed. Judy F. Flatt and James K. Bailey were divorced in 1972 and Judy was awarded custody of their two minor children Cynthia and James Darrell. James was obligated to pay child support in the total amount of $40 per week. The divorce decree also provided, inter alia, as follows: Mr. Bailey is to keep in effect the hospitalization insurance he has on the children at the present time. Mr. Bailey is *111 to keep the Metropolitan Life Insurance policy of $5,000 in effect and to keep the children as beneficiaries on the life insurance policy. It is agreed that if Mr. Bailey complies with this agreement in full that he will be the one to claim the two minor children for income tax purposes. James Darrell Bailey resided with the custodial parent throughout 1980 and 1981. Cynthia Bailey resided with the custodial parent throughout 1980 and from January to sometime in June 1981 (after the end of the school year). She then resided with her father, James K. Bailey, from June 1981 through the end of the year. Petitioner James K. Bailey made support payments of $2,080 in 1980. After his daughter cam to live in his residence in June 1981 he reduced the weekly $40 to $20 per week so that his total support payments in 1981 were in the amount of $1,520. Section 151(e) allows an exemption for each dependent as defined in section 152. Section 152(a) defines the term "dependent" as any of certain specified individuals, including children, over half of whose support during the taxable year is paid by the taxpayer. However, section 152(e) provides a special support test in the case of divorced *112 parents. Section 152(e)(1) provides as a general rule that the parent having custody of the child for the greater portion of the year is entitled to the dependency exemption for the child. Section 152(e)(2)(A) provides an exception to the general rule as follows: (2) SPECIAL RULE. -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * * The custodial parent, Judy F. Flatt, contends that the noncustodial parent, James K. Bailey, failed to comply in full with the terms of the divorce decree and that she is therefore entitled to the dependency exemption for the two children in 1980 and 1981. Specifically, she contends that the noncustodial parent failed *113 to maintain health insurance coverage for the two children, that he failed to maintain a life insurance policy with his children as beneficiaries and that he routinely delayed payment of the requisite weekly child support payment. In McClendon v. Commissioner,74 T.C. 1 (1980), this Court stated that the overriding purpose of section 152(e)(2)(A) was to provide certainty to the parties and that we would not subvert the intent of the statute by adding an "implied exception" when the party entitled to the exemption is not in compliance with the divorce decree. However, where a divorce agreement conditions the claim for dependency exemptions upon the performance of specific obligations, it is appropriate for this Court to determine if, in fact, the party obligated to meet such conditions has fully complied. See Flautt v. Commissioner,T.C. Memo. 1983-172. The record shows that petitioner provided hospitalization insurance under a comprehensive medical plan for his two children under his company's policy with National Employer Trust since 1975, the year in which he started his business (Bailey Typography Incorporated). It readily appears therefore *114 that the noncustodial parent was in compliance with this particular condition of the divorce decree. We also conclude that the temporary delays by the noncustodial parent in making the regular child support payments in 1980 and 1981 were de mininis in nature and, in our view, do not constitute a breach of the conditions in the divorce decree. An additional condition made in the divorce decree was the obligation to keep the Metropolitan Life Insurance policy of $5,000 in effect and to keep the children as beneficiaries on the policy. The noncustodial parent admitted that the life insurance policy was not in effect during the years 1980 and 1981 and he testified that he could not remember when the policy lapsed. During the years 1980 and 1981 his company (Bailey Typography, Inc.) was the owner and beneficiary of a $150,000 whole life insurance policy issued by Provident Life and Accident Insurance Company insuring the life of James K. Bailey. It also appears that during the years 1980 and 1981 his outstanding will provided that 50 percent of his estate went to a trust for the ultimate benefit of the children. The noncustodial parent also testified that his net worth in 1980 and *115 1981 was in the $200,000/$250,000 range. The noncustodial parent argues that, against this factual background, he actually enhanced the $5,000 life insurance policy and, in essence, placed his children in a better financial position. We do not find his argument persuasive. The divorce decree unambiguously required him to keep the Metropolitan Life Insurance policy of $5,000 in effect and to keep the children as beneficiaries. The policy owned by his company, with the company as beneficiary, is simply not an equivalent. Nor do we regard the provisions in an ambulatory will as an equivalent to the explicit condition imposed by the divorce decree. We cannot overlook the clear provisions of the decree. We conclude therefor that the noncustodial parent breached the agreement in the divorce decree and may not rely upon the provisions of section 152(e)(2)(A). Petitioner James K. Bailey, the noncustodial parent, relies only upon section 152(e)(2)(A) for the dependency exemptions claimed by him in 1980 and 1981. Apart from establishing his total support payments of $2,080 and $1,520 for the two children in 1980 and 1981 respectively, the noncustodial parent made no serious effort to *116 show the amount of any further support provided by him for the children. See section 152(e)(2)(B). We conclude on this record that petitioner James K. Bailey is not entitled to dependency exemptions for his two children in 1980 and 1981. We also conclude that petitioner Judy F. Flatt, the custodial parent, is entitled to dependency exemptions for James Darrell and Cynthia in 1980 and 1981. Section 152(e)(1). Decision will be entered under Rule 155 in docket No. 8982-84.
Decision will be entered for the respondent in docket No. 13418-84.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩