DARLENE D. SCHMIDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmidt v. Commissioner
Docket No. 38078-85.
United States Tax Court
T.C. Memo 1987-519; 1987 Tax Ct. Memo LEXIS 559; 54 T.C.M. (CCH) 867; T.C.M. (RIA) 87519; October 5, 1987
Darlene *561 D. Schmidt, pro se. J. A. Lopata, for the respondent. SWIFT
SWIFT, Judge: In a timely statutory notice of deficiency dated September 20, 1985, respondent determined deficiencies in petitioner's 1981 and 1982 Federal income tax liabilities in the amounts of $ 1,360 and $ 440, respectively. The issues for decision are: (1) Whether petitioner, for 1981, is entitled to claim the head of household filing status under section 2 [1] and (2) whether petitioner, for 1981 and 1982, is entitled to claim dependency exemptions under sections 151 and 152 for each of her four children. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner and her former husband jointly owned a residence in 1981. On May 31, 1981, petitioner and her husband separated. Petitioner and her four children continued to reside in the jointly owned residence, but her husband established a separate residence. For the remainder of 1981, petitioner and her husband remained separated without a divorce decree, legal separation *562 maintenance agreement or written separation agreement. On March 23, 1982, the Third Judicial District Court of Salt Lake County granted petitioner temporary custody of the four children and possession of the jointly owned residence. Petitioner's husband was ordered to pay petitioner temporary child support in the amount of $ 520 per month. On November 23, 1982, a final decree of divorce was filed dissolving the marriage. In the decree, petitioner was awarded custody of the four children and sole ownership of the family residence. Petitioner was required to pay $ 24,000 to her former husband for his interest in the residence. Petitioner's former husband was ordered to pay permanent child support in the amount of $ 165 per child a month, or a total of $ 660 per month. The divorce decree stated that if petitioner's former husband remained current in making the child support payments, he would be entitled to claim two of the children as dependents on his Federal income tax returns. On January 20, 1983, the district court granted petitioner's former husband an abatement of a portion of the child support due with respect to November 1982 and part of December 1982 because one of *563 his children had lived with him during that period of time. The abatement was in the amount of $ 198. Petitioner timely filed individual Federal income tax returns for 1981 and 1982 on which she elected head-of-household filing status and claimed all four children as dependents. Petitioner's former husband also claimed all four children as dependents on his 1981 Federal income tax return. On his 1982 Federal income tax return, he claimed two of the children as dependents. In his notice of deficiency, respondent determined that for 1981 petitioner did not qualify for head of household filing status, and respondent recomputed petitioner's tax liability as a married person filing a separate return. Respondent also determined that for 1981 petitioner was not entitled to claim any of the children as dependents and that for 1982 petitioner was entitled to claim two of the children as dependents. On brief, respondent now concedes that petitioner is entitled to claim two of the children as dependents for 1981. OPINION Generally, an individual may claim head of household filing status if he or she maintains a residence that is the principal place of abode for more than one half *564 of the taxable year for certain of his or her dependents, such as children or parents, but only if the individual is not married at the close of the taxable year. Sec. 2(b)(1). [2] Certain married individuals who are living apart from their spouses for the entire year may be treated as not married for purposes of section 2(b) and therefore may elect head of household filing status. Sec. 2(c); [3] sec. 143(b)(3); [4]sec. 1.143-1(b)(5), Income Tax Regs.
*565 Petitioner's divorce decree was filed on November 23, 1982, and her marriage was dissolved as of that date. Because petitioner was married as of the close of 1981, and because her husband was a member of her household during the first five months of that year, petitioner does not qualify for head of household filing status for 1981. Individuals are allowed dependency exemption deductions under section 151 [5] in computing taxable income. Where parents are not living together but still are married and where they have not been legally separated or have not entered into a written separation agreement, the parent who provides more than half of the support of the child for the year is entitled to the dependency exemption deduction. Sec. 152(a)(1). [6] Where parents are divorced at the end of the year, section 152(e) provides a more detailed financial support test that determines which parent is entitled to the dependency exemption deduction. [7]
*566 Generally, under the financial support test of section 152(e), the divorced parent having custody of the child is allowed the dependency exemption deduction if the parent provides more than half of the support for the child during the year. Sec. 152(e); sec. 1.152-4(c) Income Tax Regs. The noncustodial parent, however, may be allowed the deduction if the divorce decree so provides and if that parent contributes at least $ 600 for the support of the child. Sec. 152(e)(2)(A). Even if the divorce decree does not so provide, the noncustodial parent may be allowed the deduction if that parent provides $ 1,200 in support during the year for each child claimed as an exemption and if the custodial parent does not clearly establish that he or she provided more support for the child in the year than did the noncustodial parent. Sec. 152(e)(2)(B). Under the above rules, for 1981 we must determine whether petitioner provided more than half of the support for all of her children. [8] For 1982, we must determine whether petitioner's former husband remained current in 1982 in making his support payments, in which case the provisions of the divorce decree would control to the effect that petitioner's *567 former husband would be entitled to two of the dependency exemptions, leaving two for the petitioner to claim. For 1981, petitioner's computation of the total amounts she incurred in the support of her four children is follows: $ 1,646 per month [9] times 12 months
$ 19,752
Add $ 800 for Washington D.C. trip
800
$ 20,552
Less amounts paid to her by former husband
$  7,587
Petitioner's Total Support
$ 12,965
If the above figures are correct, petitioner would be entitled to claim the dependency exemption deduction for the four children since she would have provided more than half of the financial support for the children. Respondent's computation of the total amounts contributed by petitioner and *568 her former husband in 1981 for the support of their children differs from petitioner's computation only in that it allocates equally between petitioner and her former husband the $ 480 amount that petitioner uses in her computation as the fair rental value of the family residence. Respondent's computation on this basis of petitioner's support payments in 1981 is as follows: $ 1,646 per month times 12 months
$ 19,752
Less total rental value of house
5,760
$ 13,992
Add $ 800 for Washington, D.C. trip
800
$ 14,792
Less amount paid by former husband
7,587
Total of petitioner's cash contributions
$  7,205
Add back one-half rental value of residence
2,880
Total of petitioner's contributions
$ 10,085
Respondent's computation of petitioner's former husband's support payments in 1981 is as follows: Cash Payments to Petitioner
$  7,587
Add value of one-half of residence
2,880
$ 10,467
Where, a residence is jointly owned and each spouse continues to have the right to the continued use and possession of the residence, the rental value of the residence is regarded as being contributed equally by each spouse to the support of *569 the children even though one spouse is no longer living in the residence. Gilliam v. Commissioner,429 F.2d 570, 571 (4th Cir. 1970); Lindberg v. Commissioner,46 T.C. 243, 247 (1966). Because respondent's computation takes into account this rule of law, we accept respondent's computation under which petitioner's former husband, not petitioner, contributed more than half of the support of the children for 1981. Petitioner will not be allowed the two additional dependency exemption deductions she claims for 1981. [10]
With regard to 1982, the divorce decree dated November 23, 1982, provides that petitioner's former husband is entitled to exemption deductions with respect to two of the children if he remains current in his required support payments. Petitioner argues that her former husband's support payments were in arrears at the end of December because the full payment that was due in December was not paid until January of 1983. We disagree. Beginning in April of 1982 through the end of 1982, petitioner's former husband made *570 a support payment every two weeks until the final payment of the year which was due on December 27, 1982. That payment was made on January 4, 1983. A temporary delay of this nature will not be regarded as a breach of the conditions of a divorce decree for purposes of section 152(e)(2)(B). [11] Moreover, petitioner's former husband was entitled to an abatement of part of the support payment for November and December of 1982 by order of the district court. Taking the abatement into account, petitioner would be regarded as having been fully current in his support payments at the end of 1982. Petitioner is entitled only to the two exemption deductions respondent has conceded for 1981 and to the two exemption deductions allowed by respondent for 1982. For the foregoing reasons, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. Sec. 2(b)(1) provides in relevant part: (b) Definition of Head of Household. -- (1) In general. -- For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, * * * ↩
3. Sec. 2(c) provides: (c) Certain Married Individuals Living Apart. -- For purposes of this part, an individual shall be treated as not married at the close of the taxable year if such individual is so treated under the provisions of section 143(b). ↩
4. Sec. 143(b) provides in relevant part: (b) Certain Married Individuals Living Apart. -- For purposes of part V, if -- (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent, * * * and (3) during the entire taxable year such individual's spouse is not a member of such household, such individual shall not be considered as married. ↩
5. Section 151 provides in relevant part: (a) Allowance of Deductions. -- In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. -- (1) In general. -- An exemption of $ 1,000 for each dependent (as defined in section 152) -- (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $ 1,000, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
6. Sec. 152(a)(1) provides in relevant part: (a) General Definition. -- For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, * * * ↩
7. Sec. 152(e) provides in relevant part: (e) Support Test in Case of Child of Divorced Parents, Et Cetera. -- (1) General rule. -- If -- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule. -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $ 600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent no having custody to the extent that such parent provided amounts for such support. ↩
8. In this case, petitioner and respondent do not apply the financial support requirements separately for each child. ↩
9. The $ 1,646 monthly figure represents total expenses incurred each month on behalf of the four children (except for $ 800 paid by petitioner in 1981 for her oldest child to visit Washington, D.C.), including $ 480 a month for the fair rental value of the portion of the family residence attributable to the children. ↩
10. Our opinion does not affect the two dependency exemption deductions for 1981 that respondent has conceded. ↩
11. Cf. Flatt v. Commissioner,T.C. Memo. 1986-495, 52 T.C.M. 713↩, 55 P-H Memo T.C. par. 86,495.