ELIZABETH S. CHEN *et al.*, Plaintiffs-Appellants, v. THE DEPART-MENT OF REVENUE, Defendant-Appellee.

First District (5th Division)   No. 1—88—2519

Opinion filed March 30, 1990.

Daniel T. Harnett, of Silets & Martin, Ltd., of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

## I

Taxpayers appeal from an order entered by the circuit court confirming the Illinois Department of Revenue's decision that they were not entitled to a refund, based upon a valuation limitation deduction, for the taxable year ending December 31, 1983. We affirm for the following reasons.

## II

Pursuant to Illinois Supreme Court Rule 323(d) (107 Ill. 2d R. 323(d)), the parties have filed an agreed statement of facts in lieu of a report of proceedings. Monroe-Franklin Properties is a partnership that, during calendar year 1983, conducted business in Illinois and filed a Form IL—1065 (Partnership Information and Replacement Income Tax Return) on April 15, 1984, for that year. The partners of Monroe-Franklin Properties are the taxpayers who have prosecuted this appeal.

The partnership acquired a building at 230 West Monroe Street, Chicago, in 1971. On July 1, 1979, the building's valuation was

$36,700,000. As the building's Federal taxable basis on July 1, 1979, was $12,627,926, the building's valuation exceeded the basis by $24,072,074. The partnership sold the building in September 1983.

On its 1983 return, the partnership reported on line 1—"Unmodified Base Income"—$30,955,821. The partnership reduced that figure by $24,072,074, which it claimed as a valuation limitation deduction. On the return, the partnership stated that it had calculated the valuation limitation from July 1, 1979, rather than August 1, 1969, which was the date the printed form required.

The Department of Revenue (Department) determined that the partnership had improperly reduced its base income by calculating the valuation limitation amount from July 1, 1979, instead of August 1, 1969; consequently, the Department issued a math error notice. The Department assessed a replacement tax deficiency of $361,081 against taxpayers for 1983.

Taxpayers paid this deficiency, together with interest of $27,095.91, to the Department on December 20, 1984. On the same date, they filed a claim for refund with the Department, requesting that the deficiency be returned to them along with interest as allowed by law. On February 14, 1986, the Department notified taxpayers of its intent to deny their claim. The proposed denial was grounded upon the Department's determination that the valuation limitation deduction should be calculated from August 1, 1969, instead of July 1, 1979, the date used by taxpayers. On March 28, 1986, taxpayers formally protested the proposed denial, and they requested a hearing before the Department on their claim.

The hearing was held on July 22, 1987. On December 2, 1987, the Department issued a notice of decision concerning taxpayers' claim for refund of personal property replacement tax for the taxable year ending December 31, 1983. The administrative law judge (ALJ) decided that taxpayers were not entitled to a refund.

The parties entered into a stipulation of fact, which the ALJ adopted as his findings of fact. The parties stipulated that all jurisdictional requirements for an administrative hearing had been met. Otherwise, the stipulation of fact is virtually identical to the agreed statement of facts filed in this court. The ALJ's conclusions of law include a discussion of the valuation limitation deduction's history; accordingly, they merit some attention.

According to the ALJ, the parties agreed that the sole issue was whether the valuation limitation deduction provided for partnerships in section 203 of the Illinois Income Tax Act (Act) should be calculated from August 1, 1969, or July 1, 1979. (See Ill. Rev. Stat. 1985,

ch. 120, par. 2—203.) The ALJ reviewed the relevant legislative history. On July 1, 1979, the General Assembly amended the Act to include a personal property replacement tax. (See Pub. Act 81—1st, 1st Special Session, §2, eff. August 14, 1979.) Along with the existing income tax, the replacement tax was placed upon income earned by corporations, trusts and estates, and partnerships. Corporations and trusts had been taxed previously under the Act, but partnership income had been treated as income of the individual partners.

For purposes of the replacement tax, the ALJ observed, partnerships became taxable entities. Section 203(c), now codified as section 203(d), was inserted into the Act to provide for the computation of the replacement tax. (See Ill. Rev. Stat. 1985, ch. 120, par. 2—203(d).) Section 203(d) provided various addition and subtraction modifications that were used to raise or lower taxable income. Subsection 203(d)(2)(E) allowed the subtraction, from taxable income, of "[t]he valuation limitation amount." See Ill. Rev. Stat. 1985, ch. 120, par. 2—203(d)(2)(E).

The ALJ opined that the interpretation of this phrase was central to the resolution of the dispute before him. The phrase also appeared in subsections 203(a)(2)(G)—regarding individuals—and 203(c)(2)(H)—concerning estates and trusts. (See Ill. Rev. Stat. 1985, ch. 120, pars. 2—203(a)(2)(G), (c)(2)(H).) Section 203(f), in turn, enacted:

"Valuation limitation amount.

(1) In general. The valuation limitation amount referred to in subsections (a)(2)(G) and (c)(2)(H) is an amount equal to:

(A) The sum of the pre-August 1, 1969 appreciation amounts (to the extent consisting of gain reportable under the provisions of Section 1245 or 1250 of the Internal Revenue Code) for all property in respect of which such gain was reported for the taxable year; plus

(B) The lesser of (i) the sum of the pre-August 1, 1969 appreciation amounts (to the extent consisting of capital gain) for all property in respect of which such gain was reported for federal income tax purposes for the taxable year, or (ii) the net capital gain for the taxable year, reduced in either case by any amount of such gain included in the amount determined under subsection (a)(2)(F) or (c)(2)(G)." Ill. Rev. Stat. 1985, ch. 120, par. 2—203(f).

The ALJ noted that section 203(f) goes on to define the pre-August 1, 1969, appreciation amount in detail. While section 203(f) has been included in the Act since 1971, it was not amended in 1979 to

provide a valuation date for subsection 203(d)(2)(E). As a result, taxpayers argued, the valuation date for partnerships under the replacement tax should be July 1, 1979: the date that tax became effective.

After reviewing the Act as a whole, the ALJ determined that the legislature intended that the valuation limitation deduction for partnerships should be based upon the August 1, 1969, date. In amending the Act to include the replacement tax, the ALJ reasoned, the General Assembly neglected to amend section 203(f) to make reference to subsection 203(d)(2)(E).

The ALJ stated that the valuation limitation came into the newly adopted Act in 1969, when the supreme court construed it to provide the limitation. (See *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633.) In response to *Thorpe*, the legislature amended the Act in 1971 to include a valuation limitation deduction for individuals and trusts and estates, but not for corporations.

In light of the deduction's history, the ALJ decided, the valuation limitation provided in subsection 203(d)(2)(E) was intended to give a subtraction modification consistent with that provided to individuals and estates and trusts. The ALJ reasoned that his interpretation was supported by the fact that the General Assembly had used the language *"[t]he valuation limitation amount"* in subsection 203(d)(2)(E), suggesting that it had only one valuation limitation in mind: that in effect since *Thorpe*.

The ALJ found additional evidence to support his thesis, that the ambiguity in the Act was brought about by a minor drafting error, in the fact that section 203(f) provided detailed rules for computing the valuation limitation. Those rules all relied upon an August 1, 1969, date. Had the General Assembly intended to grant the July 1, 1979, valuation date to partnerships, further computational rules would have been necessary. Failure to amend the Act in this fashion would have been a serious legislative oversight. According to the ALJ, it was more likely that the legislature overlooked including one subsection—namely subsection 203(d)(2)(E)—in section 203(f); it was less likely that the legislature overlooked providing all the detailed rules necessary to implement the July 1, 1979, date.

Finally, the ALJ observed that the General Assembly amended the Act on September 18, 1986, specifically providing an August 1, 1969, valuation date for partnerships. (See Ill. Rev. Stat. 1987, ch. 120, par. 2—203(f).) Taxpayers asserted that this amendment confirmed their point that the original replacement tax included a July 1, 1979, valuation date. But the ALJ concluded that the amendment simply corrected a drafting error in the original statute, and that it

did not work a substantive change in the law. The amendment's clear intent was to provide an August 1, 1969, date in all instances. When the Act was read as a whole, and in view of the valuation limitation deduction's history, the General Assembly's intent to use an August 1, 1969, date was unmistakable. The ALJ ruled that taxpayers failed to carry their burden of showing entitlement to a claim for refund; therefore, their claim should be denied.

On January 1, 1988, taxpayers filed a complaint for administrative review in the circuit court. Their motion for summary judgment was filed on April 4, 1988. On June 17, 1988, the court heard arguments in connection with the motion. The court confirmed the Department's decision on July 25, 1988, ruling that the valuation limitation deduction provided for partnerships in section 203(d)(2)(E) of the Act should be calculated from August 1, 1969, the Act's effective date, instead of July 1, 1979. The court concluded that the legislature intended to include the 1969 date in the 1979 amendments to the Act, that it erroneously omitted that date, and that the Department could supply the omission to carry out legislative intent. Thus, the circuit court determined, the Department's decision was not contrary to the law.

Taxpayers have appealed from the circuit court to this court. On appeal, the parties agree that no factual issues remain regarding the validity of taxpayers' claim for refund. They likewise agree that if the personal property replacement income tax is construed to establish a valuation limitation basis date for partnership capital property of July 1, 1979, then taxpayers' calculation of their valuation limitation deduction on the 1983 Form IL–1065 was correct. And the parties agree that if the replacement tax is construed to establish a valuation limitation basis date for partnership capital property of July 1, 1979, the partnership is entitled to the refund it claimed on December 20, 1984. As the relevant facts are undisputed, whether taxpayers are entitled to the deduction is a question of law, depending solely upon an application of the appropriate legal standard to those facts. See *Girl Scouts of Du Page County Council, Inc. v. Department of Revenue* (1989), 189 Ill. App. 3d 858, 861, 545 N.E.2d 784, 786.

### III

In their initial brief, taxpayers argue that we should reverse the circuit court. This argument is, when reduced to its essence, supported by two premises. First, taxpayers contend that the circuit court violated a canon of statutory construction by not reading the

Act in their favor. They assert that for each plausible explanation advanced in support of the 1969 valuation limitation date, an equally valid explanation can be advanced in support of the 1979 date. Given the principle that tax laws should be construed in favor of citizens in cases of doubt, they conclude that the circuit court erred when it decided upon the 1969 date. Second, taxpayers maintain, the circuit court violated another canon of statutory construction, by applying the Act retrospectively rather than prospectively. Since the General Assembly did not specify a date from which to measure the valuation limitation for partnerships, and since the 1969 date was retrospective, taxpayers conclude that the circuit court should have applied the 1979 date.

■ Ordinarily, a taxing authority has the burden of proof concerning taxpayers' liability to the government. When taxpayers seek to take advantage of deductions allowed by statute, however, the burden of proof is upon them. This is so because deductions are privileges created by statute, as a matter of legislative grace. (*Balla v. Department of Revenue* (1981), 96 Ill. App. 3d 293, 295, 421 N.E.2d 236, 238.) As a consequence, deductions are strictly construed in favor of taxation. *Balla*, 96 Ill. App. 3d at 295, 421 N.E.2d at 238; see also *National Realty & Investment Co. v. Department of Revenue* (1986), 144 Ill. App. 3d 541, 552, 494 N.E.2d 924, 931.

■ The opinions of both the circuit court and the ALJ reveal that they appeared to follow the general rule, which requires tax laws to be construed in favor of taxpayers, so it cannot be said that they applied the Act in favor of taxation. But to the extent that the circuit court and the ALJ may have construed the Act against taxpayers, the cases cited above demonstrate that such construction could not be erroneous.

We turn next to taxpayers' contention that the circuit court applied the Act retrospectively, instead of prospectively. In *Warren Realty Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 450, 379 N.E.2d 100, the appeals court was faced with a similar argument. Plaintiff in that case was a corporation. Plaintiff purchased realty in 1950 and sold it in 1972, for more than its original cost. On its Federal income tax return, plaintiff reported as gain the amount by which the sale price exceeded the original cost less depreciation, thereby including in its taxable income the appreciation that occurred in prior years. The Illinois Income Tax went into effect on August 1, 1969 (see Ill. Rev. Stat. 1977, ch. 120, par. 1—101 *et seq.*), as we mentioned above. On its 1973 Illinois income tax return, plaintiff deducted the valuation limitation amount from its Federal taxable in-

come in order to arrive at its net income for Illinois tax purposes. The Department disallowed the deduction.

The appellate court held that a tax on appreciation occurring prior to the effective date of a taxing act, yet not realized until after that date, is not truly retroactive. (See *Warren Realty*, 62 Ill. App. 3d at 452, 379 N.E.2d at 102.) The court discussed the history of the valuation limitation deduction at length. By initiating that deduction in *Thorpe*, the *Warren Realty* court stated, the supreme court did not reach the issue of the propriety of taxing prior appreciations of property. In *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 283 N.E.2d 465, the appellate court went on to note, the supreme court reaffirmed *Thorpe*. In *Mitchell*, Justice Davis filed a dissenting opinion, in which Justice Schaefer joined. As the majority opinion did not address the issue before the appellate court in *Warren Realty*, the appeals court adopted Justice Davis' reasoning. Justice Davis said:

> "It seems clear from these cases that a tax measured by income is a tax upon realized gain. The fact that a portion of the gain may be attributable to increases in value of the income-producing items prior to the effective date of the [Illinois Income Tax] Act, or may be attributable to something done prior to such date, does not render the taxing statute retroactive so long as the gain or profit is not 'realized' until after such date." (62 Ill. App. 3d at 453, 379 N.E.2d at 102, citing 51 Ill. 2d at 464, 283 N.E.2d at 471. (Davis, J., dissenting).)

Because plaintiff in the case before it actually realized no gain until after the Act's effective date, the appellate court came to the conclusion that the entire amount of its gain was properly taxed as income. *Warren Realty*, 62 Ill. App. 3d at 453, 379 N.E.2d at 102.

■ In light of *Warren Realty*, we are not persuaded by taxpayers' retroactivity theory. Taxpayers—like plaintiff in *Warren Realty*—realized no gain on the sale of their property until after the relevant tax law's effective date, here 1979. That is, taxpayers acquired their building in 1971, yet they did not realize a gain until it was sold in 1983, well after the partnership replacement tax's effective date of July 1, 1979. We are faced with no retroactivity issue, then, since the taxable event occurred contemporaneously with the realization of gain. See *National Realty and Investment*, 144 Ill. App. 3d at 547, 494 N.E.2d at 928 (when receipt of payment, the taxable event upon which tax is levied, takes place in the present, there is no retroactivity question).

Taxpayers have raised further points in their reply brief, answering arguments made in the Attorney General's brief. As we have not

based our opinion upon the contentions advanced by the Attorney General, those points need not be addressed.

## IV

For the stated reasons, the circuit court's decision, upholding the Department's denial of the taxpayers' claim for refund, is affirmed.

Affirmed.

MURRAY and GORDON,* JJ., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and has listened to the oral argument tapes.