DARLENE D. SCHMIDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmidt v. Commissioner
Docket No. 38078-85
United States Tax Court
T.C. Memo 1991-587; 1991 Tax Ct. Memo LEXIS 637; 62 T.C.M. (CCH) 1330; T.C.M. (RIA) 91587; December 2, 1991, Filed *637 An appropriate decision will be entered. Darlene D. Schmidt, pro se. J. A. Lopata, for the respondent. SWIFT, Judge. SWIFT
SUPPLEMENTAL MEMORANDUM OPINION This matter is before us on remand from the United States Court of Appeals for the Tenth Circuit for determination of the number of dependency exemptions to which petitioner is entitled with respect to her children on her 1981 individual Federal income tax return. See , affd. in part, vacated in part, and remanded per order (10th Cir., Oct. 26, 1989). In our prior opinion, it was noted that respondent concedes petitioner's entitlement to dependency exemptions with respect to two of petitioner's four children. On the facts of this case, petitioner's entitlement to dependency exemptions with respect to the two additional children turns on whether, in 1981, petitioner provided more than half of the financial support for the two additional children. Sec. 152(a). [1]
*638 Pursuant to instructions of the Tenth Circuit in its remand order, resolution of this issue requires a finding as to what portion of the funds deposited in 1981 by petitioner's former husband into the marital joint checking account was used for the support of the children. To the extent petitioner's former husband used such funds to pay his personal expenses, petitioner's former husband would not receive credit for the funds in the calculation of the amount he provided for the support of the children, as compared to the amount petitioner provided for the children's support. Petitioner bears the burden of establishing both the total amount expended by her and her former husband for the support of each child and that the amount provided by her was more than half of the total provided for each child. Rule 142(a); ; . Pursuant to the remand, an evidentiary hearing was held, but the evidence was inconclusive. With regard to many of the checks written by petitioner's former husband on the joint checking account, the evidence does *639 not establish petitioner's contention that the checks represented payments by petitioner's former husband of his personal expenses, rather than payments by petitioner's former husband for the support of the children. For example, some of the checks written by petitioner's former husband appear to be in payment of gasoline bills, but the evidence does not establish what portion of the gasoline bills are attributable to transportation provided by petitioner's former husband as part of his support obligation of the children. With respect to many other checks written by petitioner's former husband on the joint account, the evidence does not establish either the purpose of the checks, nor whether the checks were used to pay expenses for support of the children. Although the evidence does indicate that both petitioner and her former husband used some of the funds deposited into the joint checking account to pay general household expenses and some of their own personal expenses, petitioner has failed to establish either what portion of the funds she deposited into the joint account or what portion of the funds her former husband deposited into the joint account were used for the support *640 of the children. On the evidence before us, we conclude that petitioner has not satisfied her burden of proof. For 1981, petitioner is not entitled to dependency exemptions with respect to the two additional children. To reflect the foregoing, An appropriate decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩