968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darlene D. SCHMIDT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-9000.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Darlene Schmidt appeals a Tax Court decision upholding respondent's calculation of a deficiency related to her 1981 federal income tax return and holding that she is not entitled to dependency deductions in 1981 for all four of her children. Respondent concedes that petitioner is entitled to claim personal exemptions for two of her four children; only exemptions for the remaining two children are at issue. On appeal, petitioner contends that the uncontroverted evidence supports her claim that she provided more than half of the support during 1981 for all four of her children and, therefore, is entitled to dependency deductions for all four children. Because petitioner is representing herself, we construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We exercise jurisdiction under 26 U.S.C. § 7482 and affirm.
 
 
 3
 The Tax Court previously determined that petitioner was not entitled to head of household filing status for 1981 and that petitioner was not entitled to claim personal exemptions for all four of her children. Schmidt v. Commissioner, 54 T.C.M. (CCH) 867 (1987). With respect to the personal exemptions, the Tax Court found that petitioner's former husband had provided slightly more than one-half of the total support for the four children during 1981. Id. Although we affirmed the Tax Court's decision related to the head of household filing status, we vacated the Tax Court's decision that petitioner could not claim personal exemptions for all four of her children. We stated that although the Tax Court correctly placed the burden on petitioner to establish the total amount expended for each child and to show that she had contributed more than one-half of that amount, see 26 U.S.C. § 152(a), (e); Rountree v. Commissioner, 456 F.2d 1110, 1111 (6th Cir.1972), the Tax Court erred when it credited all of the deposits made by petitioner's former husband into their joint checking account as child support provided by her husband. We held that, on remand, the Tax Court should determine "what amount of the total funds each party deposited into the joint account during the first five months of 1981 was actually used for the support of the children." Schmidt v. Commissioner, No. 88-1588, slip op. at 4 (10th Cir.1989).
 
 
 4
 On remand, the Tax Court held an evidentiary hearing to determine what amounts deposited into the joint account were used to support the children and which of the checks written by petitioner's former husband on the joint account represented payments for his personal expenses and not payments for child support. The Tax Court again placed the burden on petitioner to establish the total amount expended for the support of each child and to show that the amount she expended was more than half of the total provided for each child. Schmidt v. Commissioner, 62 T.C.M. (CCH) 1330 (1991). As is obvious from the record, the Tax Court made a careful and concerted attempt to understand the evidence presented by both petitioner and respondent. The court found that the evidence was inconclusive and did not establish either the total amount expended to support the children or that checks written by petitioner's former husband on their joint checking account were used for his personal expenses and not to support the children. Consequently, the Tax Court held that petitioner failed to carry her burden and, thus, is not entitled to claim personal exemptions for all four children. Id.
 
 
 5
 We review de novo the Tax Court's conclusions of law, and we review the Tax Court's findings of fact under a clearly erroneous standard. Resale Mobile Homes, Inc. v. Commissioner, 1992 WL 106930, at * 2 (May 22, 1992 10th Cir.1992) (citing Love Box Co., Inc. v. Commissioner, 842 F.2d 1213, 1215 (10th Cir.)), cert. denied, 488 U.S. 820 (1988). After carefully reviewing evidence in the record, we conclude that the Tax Court was not clearly erroneous in finding that the evidence was inconclusive and that petitioner failed to meet her required burdens in this case.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3